IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRED AUSTON WORTMAN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:20-cv-00156 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| STATE OF TENNESSEE BOARD OF | ) | |
| PAROLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a pro se motion for reconsideration of the Court's Order and Memorandum entered on April 3, 2020 (Doc. No. 15) and a supplement to the motion (Doc. No. 17),[1] both filed by Plaintiff Fred Auston Wortman, III.

## I. BACKGROUND

Plaintiff, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the State of Tennessee Board of Parole ("Parole Board"), Gary Faulcon, Gay Gregson, Roberta Kustoff, Richard Montgomery, Tim Gobble, Zane Duncan, Barrett Rich, Rob Clark, Jim Purviance, Gayle Barbee, Richard O'Bryan, Mark Edward Davidson, Paul Hagerman, and f/n/u Stewart. (Doc. No. 1). Plaintiff sued the non-entity Defendants in their individual and official capacities.

By Order and Memorandum entered on April 3, 2020, the Court conducted the required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§

---

[1] The supplement serves primarily to apprise the Court of his view of the relevant standards for reviewing the sufficiency of a complaint. Most of the authorities he cites are inapplicable because they are state court cases discussing Tennessee law regarding this topic. In any event, the Court is well aware of the standard it is to apply in this (federal) case and it has in fact applied it in this case.

1

1915(e)(2) and 1915A and dismissed all claims against all Defendants. (Doc. Nos. 8 and 9). First, the Court found that, to the extent Plaintiff seeks damages from the Parole Board, the state of Tennessee, or any Parole Board member in his or her official capacity, such a request is barred by the Eleventh Amendment and does not fall within the purview of Section 1983. (Doc. No. 8 at 5). Second, the Court found that the complaint fails to state damages claims upon which relief can be granted under Section 1983 against Defendant Faulcon and any other Parole Board member in his or her individual capacity. (*Id*. at 5-6). Third, the Court dismissed the claims against Defendants Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Purviance, Barbee, and O'Bryan in their individual capacities because Plaintiff did not allege the personal involvement of these Defendants in the facts set forth in the complaint. (*Id*. at 6). Fourth, the Court found that Plaintiff had no federal due process claims based upon his parole hearing, the process leading up to his parole hearing, or the denial of his parole; further, Plaintiff's plea agreement does not entitle him to an earlier release. (*Id*. at 7-8). Fifth, the Court dismissed Plaintiff's claims against state prosecutors Hagerman and Davidson because they are protected by absolute immunity. (*Id*. at 9). Sixth, the Court explained that it has no jurisdiction under Section 1983 to issue a writ of certiorari finding that the Parole Board acted illegally, fraudulently, or arbitrarily. (*Id*. at 10). Seventh, the Court found that, because Plaintiff failed to state a claim against any of Defendants for a violation of his constitutional rights, Plaintiff's Section 1983 civil conspiracy claim against all Defendants failed. (*Id*. at 11). Alternatively, the Court found that, even if there were a separate and actionable constitutional injury, the Court would dismiss the civil conspiracy claims because Plaintiff has not alleged sufficient facts to support them. (*Id*.)  Finally, the Court found that, to the extent Plaintiff asked the Court to initiate criminal charges against any Defendant on behalf of Plaintiff, the Court lacked jurisdiction to do so. (*Id*. at 12).

The Court's dismissal of this action was without any prejudice to Plaintiff's ability to seek any relief that may be available to him by way of a habeas corpus filing. (*Id*. at 12 & n.6).

## II. ANALYSIS

Because there is no federal procedural rule permitting a "motion for reconsideration," the Court first considers Plaintiff's motion (Doc. No. 15) as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

Rule 59 motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Here, Plaintiff's motion was filed within 28 days after entry of judgment; thus, the motion is timely under Rule 59.

In his Rule 59 motion to alter or amend the Court's dismissal of his Section 1983 action, Plaintiff does not seek to amend his complaint to add claims based on newly discovered evidence or to add different theories of relief than those theories Plaintiff presented in his original complaint. Plaintiff does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous analysis. Instead, he contends that the Court erred in dismissing this action. Plaintiff's argument largely rests on the alleged *ex parte* communication between Defendants Stewart, Sevier, and Davidson prior to Plaintiff's parole hearing[2] and on

---

[2] Plaintiff alleges that approximately twenty-four hours prior to Plaintiff's parole hearing, Defendant Stewart contacted Defendant Sevier "in order to pressure and influence Mr. Sevier to negatively change a risk assessment score that had been assigned to" Plaintiff. (Doc. No. 1 at 24). Immediately prior to the hearing, Defendant Davidson participated in a "closed-door, private, secret *ex parte* meeting with one or more members of the Parole Board for the purpose of

3

Defendants Davidson and Hagerman's alleged "speaking against and breaching [of]" Plaintiff's plea agreement (Doc. No. 1 at 21), allegations on which Plaintiff elaborated at length in his complaint.

 In asking the Court to vacate its prior decision to dismiss his complaint, Plaintiff contends that "(i) his legal rights to a full, fair, and meaningful administrative hearing have been invaded by the Defendants in the instant matter based upon the *ex parte* communications to one or more members of the Board by Defendant Davidson and based upon the acts engaged in by other Defendants which comprise a civil conspiracy; (ii) the federal statute 42 U.S.C. § 1983 provides Plaintiff with a general right to sue for the invasion of Plaintiff's rights; and (iii) this federal court is authorized to 'use any available remedy to make good the wrong done' by Defendants to Plaintiff." (Doc. No. 15 at 5). Plaintiff explains that "he is relying on the equitable powers of the Court to form appropriate relief that may include remand to the administrative agency with instructions." (*Id*. at 15).

The Court has carefully reviewed Plaintiff's motion to reconsider and the Court's previous rulings in this case. The Court is not persuaded that its prior decision is erroneous. Plaintiff continues to seek from this Court a determination that his parole proceedings were improper or invalid for a variety of reasons, plus resulting "equitable relief" Plaintiff assures the Court it can fashion. However, as the Court has explained, this Court simply cannot require the Parole Board to parole Plaintiff or re-do Plaintiff's most recent parole proceedings.

In Tennessee, decisions regarding parole are discretionary and are vested exclusively in the Parole Board. *Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960). Therefore, the only vehicle for obtaining limited judicial review of a Parole Board's decision to deny parole is a common law

---

influencing the Board to deny parole release" to Plaintiff "and to set off any review of [Plaintiff's] release as long as possible." (*Id*. at 25).

writ of certiorari. *Stone v. Tenn. Bd. of Parole*, No. M201601730COAR3CV, 2017 WL 4217164, at *4 (Tenn. Ct. App. Sept. 20, 2017), *perm. app. denied* (Tenn. 2017). A common law writ of certiorari is filed in state court, not here in federal court. *See Whipple v. Tenn. Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *7 (E.D. Tenn. Mar. 19, 2018) ("To state the obvious, this is a federal forum, not a state court. This Court has no jurisdiction under § 1983 to issue a writ of certiorari finding that the Parole Board acted illegally, fraudulently, or arbitrarily when it denied Plaintiff parole."). A state court will issue a writ of certiorari where a prisoner makes a showing, as Plaintiff here urges he can, that there was a "fundamental irregularity in the Board's procedures" or that "the Board acted illegally, fraudulently, or arbitrarily." *Williams v. Tenn. Bd. of Prob. & Parole*, No. M2006-02336-COA-R3CV, 2007 WL 3132935, at *4 (Tenn. Ct. App. Oct. 26, 2007). If a prisoner is dissatisfied with the ruling of the lower state court on his request for a writ, he or she may appeal to the Tennessee Court of Appeals. This Court has no role in that process. *Wells v. Tenn. Bd. of Paroles*, 909 S.W.2d 826, 827 (Tenn. Ct. App. 1995).

True, as Plaintiff insists, this Court has the power under certain circumstances to craft equitable remedies. But *Heck v. Humphrey*, 512 U.S. 477 (1994), bars all claims for injunctive or declaratory relief that would necessarily undermine the denial of parole. *Id.* at 486-87, 489. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Granting Plaintiff a new parole hearing and declaring that Defendants violated his constitutional rights in denying him parole would implicate the validity of his continued confinement. *See Whipple,* 2018 WL 1387066, at *7 (citing *Butterfield v. Bail*, 120 F.3d

1023, 1024 (9th Cir. 1997)). Plaintiff has not indicated that the decision to deny him parole has been overturned or otherwise has been invalidated. Therefore, any request by Plaintiff for injunctive or declaratory relief is precluded by *Heck*, and therefore cannot be entertained in this lawsuit.

Accordingly, the Court finds no clear error of law, no newly discovered evidence, or no intervening change in controlling law justifying the granting of Plaintiff's motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P.; *see GenCorp, Inc.*, 178 F.3d 804, 834. Nor do the circumstances alleged by Plaintiff require the Court to alter or amend its previous decision to prevent manifest injustice. *See id.* Plaintiff's motion for reconsideration, which the Court construes as a motion to alter or amend judgment (Doc. No. 15), is hereby **DENIED**.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's motion (Doc. No. 15), if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. As for Rule 60(b)(6), it is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id*. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers*, 249 F.3d 519, 529 (6th Cir. 2001); *see also Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. The relief sought by Plaintiff is relief that, at this time, he must pursue in state court by way of a writ of certiorari.

### III.  CONCLUSION

Accordingly, Plaintiff's filing (Doc. No. 15), whether construed as a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_
_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

7